Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:    503.624.6800
Facsimile:     503.624.6888
Attorneys for Plaintiff
Jennifer Bragg

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| JENNIFER BRAGG, an individual,<br><br>       Plaintiff,<br><br>   v.<br><br>PAULENE KINGERY, Mayor of the City of Yoncalla, in her individual capacity; and CITY OF YONCALLA, a municipal corporation,<br><br>       Defendants. | Case No. 6:25-cv-1430-MC<br><br>FIRST AMENDED COMPLAINT<br><br>(1) 42 U.S.C. § 1983<br>(2) Ore. Rev. Stat. § 659A.030<br>(3) Ore. Rev. Stat. § 28.020 |

## INTRODUCTION AND FACTS RELEVANT TO ALL CLAIMS

1.     Plaintiff Jennifer Bragg served as City Administrator of the City of Yoncalla from March 2022 to May 2025.

2.     While she was the City Administrator, Ms. Bragg reported a City employee, Marvin Akins, to law enforcement.

3.     Her report was well-founded. Mr. Akins was charged with several crimes and he pled no contest to one of them.

4.     Unfortunately for Ms. Bragg, the City's current mayor, Paulene Kingery, and her friends, were Mr. Akins' allies. They resent Ms. Bragg for reporting him to law enforcement.

5.     To get back at her, during the City Council's July 8, 2025 meeting (the "July 8 Meeting"), Mayor Kingery falsely accused Ms. Bragg of unlawfully and unethically receiving a payout, in the approximate amount of $10,000, for her accrued sick time when she separated

4902-6961-4174

from City employment.

6. The accusation was baseless because Ms. Bragg was entitled to the money. When Ms. Bragg began her City employment in March 2022, the City Council approved her employment contract providing for a payout of accrued sick time.

7. When attendees of the July 8 Meeting referred to Ms. Bragg's sick time payout as "stealing," Mayor Kingery did not correct them.

8. There is evidence that Mayor Kingery knew that the statement was false. Mayor Kingery improperly accessed Ms. Bragg's personnel file, where she would have seen the employment agreement.

9. Indeed, the interim City Administrator resigned in part because of Mayor Kingery's improper and repeated requests for access to personnel files.

10. Tellingly, that agreement is now missing from Ms. Bragg's personnel file and Ms. Bragg suspects that the Mayor caused it to be removed.

11. Moreover, Mayor Kingery did not notify Ms. Bragg that she would make the accusation or provide Ms. Bragg an opportunity to respond or provide her side of the story. The statement at the July 8 meeting simply was apropos of nothing and did not advance discussion of any policy or issue addressed at the July 8 Meeting.

12. So why did Mayor Kingery make the accusation? To retaliate against Ms. Bragg for reporting Mr. Akins, whom Mayor Kingery and her friends favored, to law enforcement. That retaliation violated both the First Amendment and Ore. Rev. Stat. § 659A.030. It has caused Ms. Bragg severe reputational harm and emotional distress. She seeks recompence for those harms.

## **JUSRISDICTION AND VENUE**

13. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

Page 2 – FIRST AMENDED COMPLAINT
4902-6961-4174

§§ 1331 and 1343 because this action involves a claim under 42 U.S.C. § 1983. The Court should exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims that they form part of the same case or controversy.

14.     The Court has personal jurisdiction because defendants reside in Oregon.

15.     This Court and its Eugene Division are the proper venue because the defendants reside in Douglas County and the acts or omissions alleged herein occurred there.

16.     This action satisfies the requirements of Ore. Rev. Stat. § 30.275 because Ms. Bragg files this action within 180 days of July 8, 2025—the date of the City Council meeting at which Mayor Kingery made her public accusations against Ms. Bragg.

### PARTIES

17.     Plaintiff Jennifer Bragg resides in the City of Yoncalla—as she has done her entire life—and is the former City Administrator.

18.     Paulene Kingery is Mayor of the City of Yoncalla, where she resides, and was Mayor at all times relevant to this action.

19.     The City of Yoncalla is a municipal corporation located in Douglas County.

### FIRST CLAIM FOR RELIEF

(First Amendment retaliation)

20.     Ms. Bragg incorporates and realleges the prior paragraphs as though set forth here in full.

21.     In general, reporting a public employee to law enforcement on suspicion of criminal conduct is protected by the First Amendment.

22.     Ms. Bragg's report to law enforcement concerning Mr. Akins likewise was

Page 3 – FIRST AMENDED COMPLAINT
4902-6961-4174

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

protected by the First Amendment even though she was a public employee at the time she made it. When Ms. Bragg reported Mr. Akins, who operated the Yoncalla wastewater treatment facility, to law enforcement for potential crimes related to the City's wastewater treatment, she did so out of a sense of moral duty and not pursuant to any City policy or job duties. As evidence that it was discretionary: when Mr. Akins was investigated by the Oregon State Police in 2016—prior to Ms. Bragg's tenure—in connection with a separate violation of wastewater treatment laws for which the City ultimately was fined, the City Administrator at the time did not report him to law enforcement despite knowing the underlying facts that led to the investigation. For at least the foregoing reasons, Ms. Bragg's reporting Mr. Akins to law enforcement constitutes protected First Amendment conduct.

23.    As Mayor, Ms. Kingery acted under color of state law when she engaged in the conduct alleged in this Complaint.

24.    Nevertheless, when she spoke about Ms. Bragg during the July 8 Meeting, Mayor Kingery acted in her individual capacity and not pursuant to her official duties because, among other reasons, (a) the agenda for the July 8 Meeting did not mention personnel matters or Ms. Bragg; (b) personnel matters are private until the City Council votes on such matters; and (c) to Ms. Bragg's knowledge, the City has a longstanding policy of discussing personnel matters—including matters relating to former employees—solely in executive session unless the City Council needs to return to open session to vote on such matters.

25.    Because she acted outside the scope of her official duties, Mayor Kingery is not entitled to absolute immunity for her statements during the July 8 Meeting.

26.    Mayor Kingery's very public, ruinous allegations would chill a City employee of ordinary firmness from reporting another City employee to law enforcement notwithstanding

Page 4 – FIRST AMENDED COMPLAINT
4902-6961-4174

cause to do so—especially if that employee suspected of criminal conduct had earned the Mayor's favor.

27.     As noted above, Ms. Bragg's reporting Mr. Akins to law enforcement was a substantial or motivating factor in Mayor Kingery's conduct toward Ms. Bragg.

28.     Mayor Kingery's retaliation has severely damaged Ms. Bragg. She has lived in Yoncalla her entire life and is raising her children there. Her reputation is ruined. She faces harassment both online and in real life by people who mention the Mayor's accusations. People have approached her children about the accusations. She is afraid to show her face in public. She has lost over 20 pounds due to anxiety. She barely sleeps. She has experienced hair loss. She suffers frequent bouts of stomach pain, nausea, and heart palpitations.

29.     Ms. Bragg seeks compensatory damages in an amount according to proof at trial not to exceed $3,000,000.

30.     As alleged above, Mayor Kingery acted with malice, oppression, or reckless disregard for Ms. Bragg's rights, so as to support punitive damages.

**SECOND CLAIM FOR RELIEF**

(Retaliation under Ore. Rev. Stat. § 659A.030)

31.     Ms. Bragg incorporates and realleges the foregoing paragraphs as though set forth here in full.

32.     As alleged above, when the City employed Ms. Bragg as City Administrator, she opposed unlawful practices by Marvin Akins.

33.     Defendants' acts or omissions as alleged in this Complaint were undertaken in retaliation for Ms. Bragg's opposing Mr. Akins' unlawful practices—specifically, by reporting them to law enforcement. They have a nexus to Ms. Bragg's prior employment with the City and

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

are actionable. *See McLaughlin v. Wilson*, 365 Or. 535, 553-54 (2019).

34.     As alleged above, defendants' retaliation has damaged Ms. Bragg.

35.     Ms. Bragg seeks compensatory damages in an amount according to proof at trial not to exceed $3,000,000.

## THIRD CLAIM FOR RELIEF

(Declaration as to contract per Ore. Rev. Stat. § 28.020)

(Against defendant City of Yoncalla only)

36.     Ms. Bragg incorporates and realleges paragraphs 1 through 11, above, as though set forth here in full.

37.     Ms. Bragg's employment agreement provided that she would be entitled to receive payment for accrued sick leave upon separation from City employment.

38.     The City takes the position that Ms. Bragg was not entitled to payment for accrued sick leave upon separation from the City. This position is evidenced by, among other things, Mayor Kingery's accusations at the July 8 Meeting.

39.     A live controversy therefore exists between the parties that is ripe for determination by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Jennifer Bragg prays for entry of judgment as follows:

A.     On the First and Second Claims for Relief, an award of damages in an amount according to proof at trial not to exceed $3,000,000;

B.     On the First Claim for Relief, an award of punitive damages;

C.     On the First and Second Claims for relief, an award of attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988 and Ore. Rev. Stat. §

Page 6 – FIRST AMENDED COMPLAINT
4902-6961-4174

659A.885(1) as applicable;

D.    On the First and Second Claims for Relief, a permanent injunction prohibiting Paulene Kingery and the City of Yoncalla, and any persons acting in concert with either of them, from retaliating against Jennifer Bragg, including by publishing any statement to third parties accusing her of misappropriating funds, or otherwise behaving unlawfully, by collecting the cash value of unaccrued sick leave when she separated from City employment;

E.    On the Third Claim for Relief, a declaration that Ms. Bragg does not need to refund to the City the payout of accrued sick leave included in her final paycheck; and

F.    As to all claims for relief, costs and such other and further relief as the Court finds necessary or just.

DATED this 13th day of August, 2025.

SNELL & WILMER L.L.P.

/s/ Clifford S. Davidson
Clifford S. Davidson, Bar No. 125378

Attorneys for plaintiff Jennifer Bragg

Page 7 – FIRST AMENDED COMPLAINT
4902-6961-4174

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800