IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JENNIFER BRAGG, | Case No. 6:25-cv-1430-MC, |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| PAULENE KINGERY, Mayor of the City of Yoncalla, Oregon, in her individual capacity, and CITY OF YONCALLA, a municipal corporation, | |
| Defendants. | |

_____

MCSHANE, Judge:

Plaintiff Jennifer Bragg brings this action against the City of Yoncalla and its mayor, Paulene Kingery. Am. Compl. ("FAC"), ECF No. 2. Plaintiff asserts a First Amendment claim pursuant to 42 U.S.C. § 1983, as well as state-law claims under Or. Rev. Stat. § 659A.030 and Or. Rev. Stat. § 28.020.

Pursuant to Oregon's Anti-SLAPP statute, Or. Rev. Stat. § 31.150, Defendants move to strike Plaintiff's claim for retaliation under Or. Rev. Stat. § 659A.030. Defs.' Mot., ECF No. 9. Defendants also move to dismiss Plaintiff's First Amendment claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff fails to state a claim for retaliation under the First Amendment, Defendants' Motion is GRANTED, and Plaintiff's state law claims are dismissed for lack of subject matter jurisdiction.

1 – OPINION AND ORDER

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff served as City Administrator of the City of Yoncalla, Oregon from March 2022 until May 2025. FAC ¶ 1. While acting as the City Administrator, Plaintiff reported the criminal activity of Marvin Akins, another City employee, to law enforcement. *Id.* ¶ 2. Akins would later plead "no contest" to "several crimes" stemming from Plaintiff's report. *Id.* ¶ 3. Plaintiff asserts that reporting Mr. Akins was protected conduct under the First Amendment. *Id.* ¶¶ 21–22.

Plaintiff alleges Mayor Kingery, who was an "all[y]" of Akins, retaliated against her at a July 8, 2025 City Council meeting by "falsely accusing" her of receiving an illegitimate payout of "approximately $10,000" when she left City employment. FAC ¶¶ 5, 26–27, 33. She alleges Mayor Kingery characterized her payout as "unlawful[] and unethical[]." *Id.* ¶ 5. Plaintiff claims Mayor Kingery's accusation was baseless because she was "entitled to the money" based on accrued sick time according to her employment contract with the City. *Id.* ¶¶ 6, 37–38. Mayor Kingery's statement was unrelated to the purpose of the meeting. *Id.* ¶ 11. Plaintiff further claims Mayor Kingery knew the statement was false because Mayor Kingery improperly accessed Plaintiff's City personnel file, which contained the employment agreement she claims authorized the payout. *Id.* ¶ 8. Plaintiff states her employment contract is now missing from her personnel file and that an interim City Administrator resigned over Mayor Kingery's improper requests for access to personnel files. *Id.* ¶¶ 9–10. In addition, Plaintiff states that when attendees at the July 8, 2025 City Council meeting referred to Plaintiff's payout as "stealing," Mayor Kingery did not correct them. *Id.* ¶ 7. Plaintiff concludes there is no explanation for Mayor Kingery's accusation aside from retaliation for her reporting Mr. Akins to law enforcement. *Id.* ¶ 12.

Plaintiff claims Mayor Kingery's "ruinous allegations would chill a City employee of ordinary firmness from reporting another City employee to law enforcement notwithstanding cause

to do so." FAC ¶ 26. She states she has suffered significant reputational harm in her community and emotional distress as a result of the accusation. *Id.* ¶¶ 12, 28, 34.

## LEGAL STANDARD

### I.  Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I.  First Amendment Claim

Plaintiff asserts a claim for retaliation, alleging the July 8, 2025 City Council meeting chilled her speech in violation of the First Amendment. FAC ¶ 26. Under *Pickering v. Bd. of Educ.*, 391 U.S. 563, 584 (1968), to state a claim for First Amendment retaliation in the public employment context, a public employee plaintiff must allege the following elements: (1) she spoke on a matter of public concern; (2) she spoke as a private citizen and not as a public employee; and

(3) her protected speech was a substantial or motivating factor in the defendant's adverse employment actions. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Failure to meet any of these elements "is fatal" to the case. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 n.4 (9th Cir. 2013) (*en banc*).

The parties do not contest that reporting Mr. Akins to law enforcement involved a matter of public concern. Defs.' Reply 6, ECF No. 21. However, because Plaintiff does not plausibly establish she engaged in protected conduct or that Mayor Kingery's alleged retaliatory conduct was an adverse employment action motivated by her protected conduct, Plaintiff fails to state a claim for retaliation under the First Amendment.

### A. Protected Conduct

Plaintiff alleges she acted in her individual capacity when she reported Mr. Akins to law enforcement, acting out of a personal "moral duty." FAC ¶ 22. "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006). Here, Plaintiff, as City Administrator, reported the conduct of a City employee in charge of the City's wastewater treatment to State authorities. FAC ¶¶ 1–3, 22. Plaintiff learned of Mr. Akins' conduct through her work as City Administrator. *Id.* Though Plaintiff states her reporting of Mr. Akins was "not pursuant to any City policy or job duties" (*id.* ¶ 22), determining an employee's official duties is not limited to "formal job descriptions" to the exclusion of a "practical inquiry into an employee's daily professional activities." *Barone v. City of Springfield,* 902 F.3d 1091, 1099 (9th Cir. 2018) (cleaned up) (quoting *Ceballos*, 547 U.S. at 422, 424); *Eng*, 552 F.3d at 1071 ("Statements are made in the speaker's capacity as citizen. . . if the speech was not the product of performing the tasks the employee was paid to perform." (internal quotations omitted)). Overseeing the conduct

of employees and taking appropriate action is plainly within the official duties of a supervisor. This is true regardless of whether the action involved some discretion or was also consistent with a personal moral obligation. Pl.'s Resp. 4, ECF No. 17; FAC ¶ 22; *see Ceballos*, 547 U.S. at 421–22 ("It is immaterial whether [the plaintiff] experienced some personal gratification from writing the memo . . . . The significant point is that the memo was written pursuant to [the plaintiff's] official duties.").

Plaintiff cites *Dahlia* to argue her report of Mr. Akins was private conduct and thus protected by the First Amendment. Pl.'s Resp. 4–5. In *Dahlia*, the *en banc* majority found the fact the plaintiff officer reported suspected misconduct beyond his superiors and outside his chain of command distinguished his case from *Garcetti*, where the expressive conduct at issue (criticism of the employee's superiors) was made through communications that were part of the employee's job. *Dahlia*, 735 F.3d at 1077–78. This distinction supported the majority's holding the plaintiff was speaking as a private citizen rather than as an employee, but it is not dispositive on its own. *Id.*; *see id.* at 1074–75. But this is just one factor for the Court to consider, and aside from speaking outside her chain of command, nothing in the FAC plausibly removes Plaintiff's expressive conduct from these official duties.[1] For instance, Plaintiff's report of Mr. Akins was not speech expressing generalized concerns about corruption or mismanagement in the City government. *Cf. Greisen v. Hanken*, 925 F.3d 1097, 1111–12 (9th Cir. 2019) (holding chief of police's expressions of concerns related to "ferreting out 'corruption or systemic abuse' in city finances and management, . . . were not part of his official duties as chief of police"). Plaintiff's speech

---

[1] The Court notes Plaintiff states she terminated Mr. Akins in addition to reporting him to law enforcement. Bragg Decl. ¶ 7, ECF No. 18. Though not necessary to the Court's holding, for which the Court limits its analysis to the allegations in the FAC, Plaintiff's declaration conclusively establishes Plaintiff was responsible for supervising Mr. Akins and his conduct. In addition, the City of Yoncalla has five total employees, including the City Administrator and three "Public Works" employees who report to the City Administrator. Chandler Decl. ¶ 3, ECF No. 26.

5 – OPINION AND ORDER

involved specific conduct by an employee who she oversaw, placing it firmly within her official duties. *See id.* (citing *Dahlia*, 735 F.3d at 1074–75). Because Plaintiff did not engage in protected conduct by reporting Mr. Akins, Plaintiff cannot state a claim.

### B. Adverse Employment Action Motivated by Protected Conduct

Defendants argue Plaintiff did not suffer an adverse employment action because Plaintiff left her employment with the City in May of 2025, before the July 8, 2025 meeting, meaning Mayor Kingery's statements could not have affected her employment. Defs.' Mot. 10–11. Defendants further argue that even if Mayor Kingery's statements were actionable, there is no causal link between the alleged protected conduct and the alleged retaliation. *Id.* at 11. The Court finds Plaintiff's claim fails based on both arguments.

#### 1. Adverse Employment Action

Plaintiff has not alleged any adverse employment action by Defendants. Plaintiff casts her claim as a "hybrid" claim and reaches beyond the public employment context to attempt to state a claim based on a chilling effect created by Mayor Kingery's statements, rather than based on adverse employment action. Pl.'s Resp. 3. However, the test for public employees plainly applies to Plaintiff, as her First Amendment claim is based on alleged protected conduct while she was a public employee. *See Ceballos*, 547 U.S. at 417–18. In the public employment context, a plaintiff "bears the burden of showing defendant took an adverse employment action against the plaintiff and that the plaintiff's speech was a substantial or motivating factor." *Greisen*, 925 F.3d at 1113. An adverse employment action is "one that materially affects the compensation, terms, conditions or privileges of employment." *See Davis v. Team Elec. Co.,* 520, F.3d 1080, 1089 (9th Cir. 2008).

Even assuming Mayor Kingery's conduct at the July 8, 2025 City Council meeting would chill a person of ordinary firmness from engaging in protected conduct (Pl.'s Resp. 5–6), Plaintiff's

claim fails because she did not experience any adverse employment action. Plaintiff's sole allegation of retaliation is based on Mayor Kingery's statements at the July 8, 2025 City Council meeting. FAC ¶¶ 5, 24–26. Plaintiff does not allege any adverse action against her between March 2022 and May 2025 while she was City Administrator, nor surrounding the circumstances of her departure from City government. Because Plaintiff's alleged retaliation post-dated her employment with the City, the conduct straightforwardly could not have "materially affect[ed] the compensation, terms, conditions or privileges" of her employment that was at that point already finished.[2] *Davis,* 520, F.3d at 1089. Accordingly, the FAC does not plausibly identified any adverse employment action as required under *Pickering*. *Greisen*, 925 F.3d at 1113.

### 2. Substantial or Motivating Factor

Plaintiff also has not adequately alleged that her alleged protected conduct was a substantial or motivating factor in Defendants' alleged retaliation against her.[3] A plaintiff can show the requisite causal connection for First Amendment retaliation in different ways, including but not limited to: (1) the proximity in time between the protected conduct and the retaliatory conduct; (2) expressed opposition by the alleged retaliatory actor; or (3) evidence that the proffered explanations for the adverse employment action are false and pretextual. *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). First, the alleged retaliation at the July 8, 2025 City Council meeting came approximately three years after Plaintiff's alleged protected conduct.[4]

---

[2] Plaintiff is correct to point to *Coszalter v. City of Salem*, for the proposition that adverse employment action is not limited to termination, and can include "campaigns of harassment and humiliation," but the adverse employment actions in question in *Coszalter* nevertheless concerned the plaintiffs' active employment, not when the plaintiffs were no longer employed. 320 F.3d 968, 975–77 (9th Cir. 2003).

[3] Defendants argue that Mayor Kingery's statements at the July 8, 2025 City Council meeting were protected speech. Defs.' Mot. 13–14. This is not part of the analysis under *Pickering*; even assuming Mayor Kingery's statements were protected, this plays no role in the Court's holding here.

[4] Plaintiff does not provide the date she reported Mr. Akins in the FAC, but in briefing on the Motion the parties state it occurred "three years" before the July 8, 2025 City Council meeting. Pl.'s Resp. 15. The FAC nowhere suggests a closer temporal relationship to support the requisite connection here.

Though no timing cut-off exists, a delay of this magnitude does not support retaliation. *See id.* at 977–78 (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2002)). Nevertheless, Plaintiff argues she has pleaded sufficient facts to establish retaliation because the reasons for Mayor Kingery's statement "that Plaintiff embezzled funds" were "false and pretextual," pointing to Mayor Kingery tampering with her personnel file and irregularities at the July 8, 2025 City Council meeting. *See* Pl.'s Resp. 6; FAC ¶¶ 5–6, 22, 24. Even so, Plaintiff's allegations do not plausibly suggest her alleged protected conduct motivated Mayor Kingery's alleged retaliation, especially given the extended period between the events. *See Coszalter*, 320 F.3d at 978 (explaining courts consider retaliation claims "in the light of the timing and the surrounding circumstances"). Without factual allegations to affirmatively connect protected conduct to acts of retaliation as a substantial or motivating factor of that retaliation, Plaintiff fails to state a claim here. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive.").

## II.      Supplemental Jurisdiction

Federal courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki* 562 U.S. 428, 434 (2011). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 for Plaintiff's First Amendment retaliation claim arising under the U.S. Constitution and 42 U.S.C. § 1983. Supplemental jurisdiction is necessary for the Court to have subject matter jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367. For supplemental jurisdiction to exist over

accompanying state law, the state law claims must arise from "a common nucleus of operative fact" as a federal claim, such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Having dismissed Plaintiff's First Amendment claim, the sole federal claim in the FAC, there is no source of supplemental jurisdiction for Plaintiff's remaining state law claims pursuant to § 1367. Plaintiff's claims under Or. Rev. Stat. § 659A.03 and Or. Rev. Stat. § 28.020 are dismissed.

### III.     Leave to Amend

Plaintiff states she can allege additional facts upon leave to amend. Pl.'s Resp. 8. To assess futility of further amendment, the Court considers whether "deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F3d 984, 995 (9th Cir. 2011). Without identifying protected conduct or adverse employment action separate from the existing allegations of the FAC, for the reasons given in this Order, Plaintiff cannot state a claim upon amendment.

Even if the Court were to look to Plaintiff's representations regarding supplemental allegations, these representations, together with the FAC, do not alter the Court's conclusion. Allegations regarding social media posts by Kathleen Finley, a former City Administrator, do not help Plaintiff. *See generally* Bragg Decl. Because Ms. Finley was not a City employee at the relevant time, her displeasure with Mr. Akins' firing following Plaintiff's report is not part of any adverse employment action. Further, what Ms. Finley did or did not do regarding Mr. Akins while she was City Administrator, and her view of the contours of Plaintiff's duties in the role, do not change the Court's determination that Plaintiff spoke as a public employee when she reported Mr. Akins, as previously discussed. Though some additional allegations could conceivably bolster

Plaintiff's circumstantial evidence for retaliation at the July 8, 2025 City Council meeting, as explained, statements made at the meeting cannot support a claim for retaliation under the First Amendment here because Plaintiff did not suffer an adverse employment action—indeed Plaintiff's characterization of her claim as a "hybrid" suggests Plaintiff recognizes this reality, which will not be altered by amendment. Finally, Plaintiff alludes to potential allegations regarding a "change in [Mayor Kingery's] demeanor toward Plaintiff." Pl.'s Resp. 18. Nothing in the FAC or in Plaintiff's representations suggest these allegations would establish an adverse employment action even if they predated Plaintiff's separation from City employment. *Compare Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (finding "trivial harms" and "snubbing by supervisors" do not constitute adverse employment actions); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir. 2000) (holding supervisor's laughing, hostile stares, and "increased criticism" did not preclude summary judgment dismissing the plaintiff's retaliation claim); *Coszalter,* 320 F.3d at 976 (citing *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998)) ("minor acts, such as "bad-mouthing," that cannot reasonably be expected to deter protected speech, . . . do not violate an employee's First Amendment rights"), *with Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 750 (9th Cir. 2010) (finding a "verbal warning" and "an unsatisfactory evaluation" were adverse actions for First Amendment retaliation claim).

Dismissal without leave to amend is appropriate here. *See Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010).

## **CONCLUSION**

Plaintiff fails to state a claim for First Amendment retaliation. Defendants' Motion under Fed. R. Civ. P. 12 (ECF No. 9) is GRANTED on this basis. Dismissal of this claim is without leave to amend. Further, the Court dismisses Plaintiff's remaining state law claims under Or. Rev. Stat.

§ 659A.030 and Or. Rev. Stat. § 28.020 for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 23rd day of December 2025.

                                                _____s/Michael J. McShane_____
                                                    Michael J. McShane
                                              United States District Judge